**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| ELIZABETH MARIE RODRIGUEZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | NO.  CIV-20-0037-JH |
| | ) | |
| BOARD OF COUNTY | ) | |
| COMMISSIONERS OF THE | ) | |
| COUNTY OF WAGONER, a political | ) | |
| subdivision and municipal corporation; | ) | |
| CHRIS ELLIOT, individually, and in | ) | |
| his official capacity; | ) | |
| JUDY ELLIOT, individually, and in | ) | |
| her official capacity; | ) | |
| SHANE SAMPSON, individually, and | ) | |
| in his official capacity; | ) | |
| EMILY PATRICK, individually, and in | ) | |
| her official capacity; and | ) | |
| TODD RIGGS, individually, and in his | ) | |
| official capacity, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Plaintiff Elizabeth Marie Rodriguez brings this 42 U.S.C. § 1983 action, alleging

excessive force and medical indifference claims arising during the time she was an inmate

in the Wagoner County Jail.  Defendants Judy Elliot, Shane Sampson, Emily Patrick, and

Todd Riggs ("Individual Defendants") and defendant Board of County Commissioners of

the County of Wagoner ("Board") have filed motions to dismiss pursuant to Federal Rule

of Civil Procedure 12(b)(1) and (6).

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain

"enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v.

Twombly, 550 U.S. 544, 570 (2007).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Thus, dismissal under Rule 12(b)(6) is only appropriate "if the complaint alone is legally insufficient."  Brokers' Choice of Am., Inc. v. NBC Universal, Inc., 861 F.3d 1081, 1104-05 (10th Cir. 2017) (citation omitted).  "[T]he Twombly/Iqbal standard 'is a middle ground between heightened fact pleading, which is expressly rejected, and allowing complaints that are no more than labels and conclusions or a formulaic recitation of the elements of a cause of action, which the Court stated will not do.'"  Khalik v. United Air Lines, 671 F.3d 1188, 1191 (10th Cir. 2012) (quoting Robbins v. Okla., 519 F.3d 1242, 1247 (10th Cir. 2008)).

## Discussion

A.    Claims against the Individual Defendants in their official capacity

The Individual Defendants assert they cannot be sued under any "official capacity" theory and that this case should proceed against them only in their individual capacities. Official capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent."  Monell v. New York City Dept. of Social Servs., 436 U.S. 658, 690 n. 55 (1978).  The officer, however, must have "final policymaking authority."  See Jett v. Dallas Ind. Sch. Dist., 491 U.S. 701, 737 (1989).  In her First Amended Complaint, plaintiff does not allege that any of the Individual Defendants have final policymaking authority, that any policymaking authority had been delegated to them, or that they were exercising any *de facto* policymaking authority.  Additionally, plaintiff

did not respond to the Individual Defendants' motion to dismiss, thereby confessing this issue. The "official capacity" concept has no application to these Individual Defendants and the purported official capacity claims against them will therefore be dismissed.

B.      Claims against the Board

The Board asserts that it is not a proper party in this case as plaintiff has no § 1983 claims against it. Under Oklahoma law, a county's board of county commissioners is not a separate legal entity from the county. Rather, in general, it exercises the powers of the county. *See* 19 Okla. Stat. § 3. A suit brought against a county's board of county commissioners is the way Oklahoma law contemplates suing the county. *See* 19 Okla. Stat. § 4. Moreover, in the § 1983 context, a suit against the board of county commissioners or some other county official in their official capacity is, in substance, a suit against the county. *See* Porro v. Barnes, 624 F.3d 1322, 1328 (10th Cir. 2010); Lopez v. LeMaster, 172 F.3d 756, 762 (10th Cir. 1999).

The Board's motion confuses what is at issue by asserting that the Board is not a "proper party," essentially because it does not have final policymaking authority for the county jail and did not do anything wrong. But the issue actually raised by the Board's motion, albeit indirectly, is whether plaintiff has stated a claim against Wagoner County. In order to hold a county liable on a § 1983 claim, a plaintiff must show (1) the existence of a county policy or custom by which the plaintiff was denied a constitutional right, and (2) that the policy or custom was the moving force behind the constitutional deprivation (i.e., that there is a direct causal link between the policy or custom and the injury alleged). *See* City of Canton, Ohio v. Harris, 489 U.S. 378, 385 (1989); Monell, 436 U.S. at 694.

A board of county commissioners might be the source of a pertinent policy in some circumstances, but no basis for that is suggested here.  Rather, the question in this case involves the operation of the Wagoner County jail.  Under Oklahoma law, the county sheriff is ordinarily the final policymaker as to the county jail.  *See* 19 Okla. Stat. § 513; Lopez, 172 F.3d at 763 ("the county may be liable on the basis that [the sheriff] is a final policymaker with regard to its jail . . . .").  So if the sheriff has adopted a policy which becomes the moving force behind a constitutional violation, that is enough to establish county liability.  In the complaint, plaintiff alleges Sheriff Elliot adopted a policy pursuant to which Judy Elliot, a 911 coordinator, was allowed to run the jail, was given unfettered access to the jail, and was allowed to impose discipline on the inmates and determine pod placements of the inmates.   The complaint also sets forth allegations showing a sufficient link between this policy and plaintiff's alleged injury.  The court therefore concludes the allegations are sufficient to allege a policy which conceivably supports county liability.

The Board also argues the claims against it should be dismissed because they are duplicative of the claims asserted against Sheriff Elliot in his official capacity.  As noted above, the defendant Board and the sheriff in his official capacity are parties here in the sense that they both represent the County.  So it would indeed be duplicative to proceed on the assumption that there are different claims asserted against both or that both are separate parties.  However, that potential duplication does not result in dismissing the claims nominally asserted against the Board.  The Board is the entity identified by Oklahoma law as a proper defendant, and it presumably controls the county's litigating position in this

lawsuit.  Any duplication is avoided by recognition that, going forward, Waggoner County

will participate in this lawsuit only through a single voice.[1]

As a result, the Board's motion will be denied insofar as it proceeds on the theory

that it (and hence the County) is not a "proper party."  The County is a proper party, and a

§ 1983 claim has been stated against it.

C.      Claim for injunctive relief

In the First Amended Complaint, plaintiff seeks injunctive relief prohibiting the

Board and Sheriff Elliot from allowing Judy Elliot to discipline and exert power over

inmates of the Wagoner County Jail and ordering Wagoner County to immediately comply

with the anti-nepotism laws of Oklahoma and Wagoner County.  *See* First Amended

Complaint at ¶ 41.  Because plaintiff is now in the custody of the Mabel Bassett

Correctional Center, the Board and the Individual Defendants assert plaintiff's claim for

injunctive relief is moot and plaintiff lacks standing to assert it.

When a favorable decision would not afford the plaintiff relief, and the plaintiff's

claim is not "capable of repetition yet evading review," a federal court has no jurisdiction

under Article III to adjudicate the claim.  *See* McAlpine v. Thompson, 187 F.3d 1213, 1216

(10th Cir. 1999).  A party moving for injunctive relief must satisfy the court that there

exists some cognizable danger of being similarly injured by the defendants in the future.

*See* Wessel v. City of Albuquerque, 299 F.3d 1186, 1194 (10th Cir. 2002); Facio v. Jones,

---

[1] *As noted, the court assumes without deciding that the Board controls the county's litigating position in this case in the event of a disagreement between it and the sheriff.  But regardless of the resolution of any issue in that regard, the county's position in this case as to claims against it will be presented only through a single person/entity.*

929 F.2d 541, 544 (10th Cir. 1991); <u>City of Los Angeles v. Lyons</u>, 461 U.S. 95, 109 (1983) ("[T]he capable-of-repetition doctrine applies only in exceptional situations, and generally only where the named plaintiff can make a reasonable showing that he will again be subjected to the alleged illegality."). "Moreover, a plaintiff's continued susceptibility to injury must be reasonably certain; a court will not entertain a claim for injunctive relief where the allegations take it into the area of speculation and conjecture." <u>Jordan v. Sosa</u>, 654 F.3d 1012, 1024 (10th Cir. 2011) (internal quotations and citations omitted).

Plaintiff's allegations do not demonstrate that she faces a prospect of being in the Waggoner County jail again or that there is some other real or immediate threat of being similarly harmed by defendants in the future. Plaintiff is currently in the custody of the Mabel Bassett Correctional Center in McCloud, Oklahoma. Further, the various possible scenarios for her being back in the custody of the Wagoner County Jail set out in her response are nothing more than speculation and conjecture. Accordingly, the court concludes plaintiff's claim for injunctive relief is moot.

<u>**Conclusion**</u>

For the reasons set forth above, the Individual Defendants' Motion for Partial Dismissal [Doc. #15] is **GRANTED** and the purported official capacity claims against them are **DISMISSED**. The Board's Motion to Dismiss [Doc. #17] is **GRANTED IN PART and DENIED IN PART**. The motion is granted as to plaintiff's claim for injunctive relief but is otherwise denied.

**IT IS SO ORDERED**.

Dated this 24th day of April, 2020.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE