IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ELIZABETH MARIE RODRIGUEZ, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>BOARD OF COUNTY COMMISSIONERS )<br>OF THE COUNTY OF WAGONER, a political )<br>subdivision and municipal corporation; )<br>CHRIS ELLIOT, individually, and in his official )<br>capacity; )<br>JUDY ELLIOT, in her individual capacity; )<br>SHANE SAMPSON, in his individual capacity; )<br>EMILY PATRICK, in her individual capacity; and )<br>TODD RIGGS, in his individual capacity; )<br>)<br>Defendants. ) | Case No. CIV-20-037-RAW |

## ORDER

Before the court is the Plaintiff's Motion for Default Judgment or Alternative Sanctions as to Defendant Elliot, individually, Defendant Elliot in his official capacity and Defendant Board for Spoliation of Evidence Based on a Failure to Preserve, and/or Destruction and Deletion of Recorded Jail Telephone [Doc. No. 88] as well as Defendants Board of County Commissioners and Sheriff's Response and Objection [Doc. No. 93]. Also before the court is Plaintiff's Motion to Disregard Sham Affidavit [Docket No. 95].

This is a 42 U.S.C. § 1983 civil rights action involving claims for excessive force, indifference, and due process violations. Plaintiff files this motion requesting sanctions for spoliation of evidence. Spoliation is "the intentional or negligent destruction or loss of tangible and relevant evidence which impairs a party's ability to prove or defend a claim." *United States a rel. Koch v. Koch Indus.,* 197 F.R.D. 488, 490 (N.D. Okla. 1999). The duty to preserve evidence

is triggered when a party receives notice of a potential claim and the evidence's relevance to such potential claim. *Rowe v. Albertons, Inc.,* 116 Fed.Appx. 171, 174 (10th Cir. 2004)(unpublished)

Sanctions for spoliation are appropriate where: "(1) a party has a duty to preserve evidence because it knew, or should have known, that litigation was imminent, and (2) the adverse party was prejudiced by the destruction of evidence." *Turner v. Pub. Serv. Co. of Colo.,* 563 F.3d 1136. Accordingly, under the court's inherent power, the court is authorized to impose sanctions for spoliation of evidence when a moving party suffers prejudice because the nonmoving party has failed to preserve or had destroyed evidence. *Cache La Poudre Feeds LLC v. Land Takes, Inc.,* 244 F.R.D. 614, 620 (D. Colo. 2007).

Plaintiff contends there are two ways to trigger the duty to preserve evidence and both are present in this matter. First, a duty to preserve records arises when there is a statute or administrative regulation requiring that the records be maintained. *Hicks v. Gates Rubber Co.,* 832 F.2d 1406, 1419 (10th Cir. 1987). The Open Records Act, 51 O.S. §24A.1, *et.seq*. expressly provides for preservation of the documents. To the extent a statutory duty of preservation does not exist, a duty to preserve evidence also arises when a party has notice or should have known the evidence may be relevant to potential future litigation. *See Cache La Poudre Feeds* at 620.

The court has substantial discretion to decide what type of sanctions to impose. "The district court has discretion to fashion an appropriate remedy depending on the culpability of the responsible party and whether the evidence was relevant to proof of an issue at trial." *Estate of Trentadue a rel. Aguilar v. U.S.* 397 F.3d 840, 862-63 (10th Cir. 2005). For instance, the Tenth Circuit has upheld sanctions in the form of striking testimony and dismissing a claim for damages. *103 Investors I, L.P.,* 470 F.3d. at 988. Another court has granted a default judgment to the plaintiff when the defendant destroyed computer code "after" litigation had been filed. *See Computer Associates Intern, Inc. v. American Fundware, Inc.,* 133 F.R.D. 166, 169 (D. Colo. 1990).

Defendants argue that "[w]hile courts do consider many factors in determining an appropriate sanction for spoliation, the following two factors should ordinarily carry the most weight:  the degree of culpability of the party who lost or destroyed the evidence, and the degree of actual prejudice to the other party." *U.S. ex rel. Koch v. Koch Indus., Inc.*, 197 F.R.D. 488, 490 (N.D. Okla. 1999).  Here, as discussed further below, Plaintiff cannot demonstrate a high degree of culpability on the part of the County for the loss of the alleged use-of-force report.  Furthermore, the degree of actual prejudice to the Plaintiff, if any, is nominal.

Suggested spoliation sanctions of default judgment or an adverse inference instruction would require the court to find the defendants acted in bad faith with regard to the alleged loss of the recordings of the telephone conversations.  (*Chambers reference fn, p. 5*)  As a general rule, the severe sanctions of granting default judgment, striking pleadings, or giving adverse inference instructions may not be imposed unless there is evidence of 'bad faith.'" *Rimkus Consulting Grp., Inc. v. Cammarata*, 688 F. Supp. 2d 598, 614.  Without a showing of bad faith, a district court may only impose lesser sanctions. *Turner v. Pub. Serv. Co. of Colorado*, 563 F.3d 1136, 1149 (10th Cir. 2009) (citing *Henning v. Union Pac. R.Co.*, 530 F.3d 1206, 1220 (10th Cir. 2008)).  Furthermore, "…to the extent sanctions are based on [the court's] inherent power, [they] may also require a degree of culpability greater than negligence." *Rimkus*, 688 F. Supp. 2.d at 615.

Defendants assert that a spoliation sanction is not warranted in this case for several reasons:  (1) plaintiff cannot demonstrate that the purported recordings have been spoliated, (2) defendants owed plaintiff no duty to preserve the purported recordings, (3) the purported recordings are not relevant, (4) plaintiff has not been materially prejudiced, and (5) plaintiff cannot demonstrate a high degree of culpability.

Applying the philosophies, texts and factors set forth above, the court presently declines to

impose sanctions against Defendants. To be sure, Defendants' alleged action with regard to the recordings will be ripe fodder for cross-examination and argument by Plaintiff. After hearing all the evidence at trial, the court may be amenable to an adverse jury instruction regarding spoliation of evidence. Plaintiff's motion for sanctions is denied without prejudice. Plaintiff's motion to disregard sham affidavit is denied as moot.

**IT IS SO ORDERED** this 23rd day of August, 2021.

_____
RONALD A. WHITE
UNITED STATES DISTRICT JUDGE