**IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA**

**ELIZABETH MARIE RODRIGUEZ,**

Plaintiff,

v.

**Case No. CIV-20-037-RAW**

**BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF WAGONER, et al.,**

Defendants.

**ORDER**

Before the court is the motion of defendant Shanne Sampson[1] for summary judgment. This lawsuit commenced in the District Court for Wagoner County. The case was removed to this court by defendants. Plaintiff brings claims pursuant to 42 U.S.C. §1983 for the alleged deprivation of the civil rights of a pretrial detainee. Specifically, the First Amended Complaint alleged (1) excessive force [as to all defendants], (2) medical indifference [as to movant and Sheriff Elliott], (3) failure to intervene [as to all defendants] and (4) an official

[1]In the First Amended Complaint (#9), the defendant's first name is spelled Shane. In the pending motion, it is spelled Shanne. *See also #63-8.*

liability claim [as to Wagoner County].[2] Movant was the jail administrator during the litigated events.

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56(a) F.R.Cv.P. A dispute is genuine when the evidence is such that a reasonable jury could return a verdict for the nonmoving party; a fact is material when it might affect the outcome of the suit under governing law. *See Foster v. Mountain Coal Co.,* 830 F.3d 1178, 1187 (10th Cir.2016). The court must view all evidence and draw reasonable inferences therefrom in the light most favorable to the nonmoving party. *Spring Creek Expl. & Prod. Co. v. Hess Bakken Inv., II, LLC,* 887 F.3d 1003, 1026 (10th Cir.2018). The court's duty is not to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial. *See Ohlsen v. United States,* 998 F.3d 1143, 1153 (10th Cir.2021).

Where, however, a §1983 defendant raises qualified immunity as a defense, the standard for reviewing a motion for summary judgment is different. A §1983 defendant's assertion of qualified immunity is an affirmative defense that creates a presumption that the defendant is immune from suit. *See Truman v. Orem City,* 1 F.4th 1227, 1235 (10th

[2] Plaintiff also contends she has alleged a claim for violation of substantive due process. This dispute (as to the claim's existence and its merits) will be addressed in due course.

Cir.2021). When the defense is raised, as movant has here[3], the burden shifts to the plaintiff to show that (1) the defendant violated a constitutional right and (2) the constitutional right was clearly established. *Halley v. Huckaby,* 902 F.3d 1136, 1144 (10th Cir.2018).[4] If, and only if, the plaintiff meets this two-part test does a defendant then bear the traditional burden of the movant for summary judgment. *Id.*

In determining whether the plaintiff meets this burden, the court ordinarily accepts the plaintiff's version of the facts – that is, the facts alleged. *Id.* At summary judgment, however, because the court is beyond the pleading phase of the litigation, the plaintiff's version of the facts must find support in the record. *Id.* Thus, if the nonmoving party's version of the facts is blatantly contradicted by the record, so that no reasonable jury could believe it, the court should not adopt that version of the facts. *Id.*

To show defendant is not entitled to qualified immunity, a plaintiff must show that (1) the facts that the district court ruled a reasonable jury could find would suffice to show a legal violation, and (2) the law was clearly established at the time of the alleged violation. *Id.* A constitutional right is clearly established if it is sufficiently clear that every reasonable

---

[3]A qualified immunity defense is only available to parties sued in their individual capacities. *Beedle v. Wilson,* 422 F.3d 1059, 1069 (10th Cir.2005). Movant's motion for dismissal in his official capacity was previously granted (#31).

[4]This court may exercise its sound discretion in deciding which of the two prongs should be addressed first. *See Frasier v. Evans,* 992 F.3d 1003, 1033 (10th Cir.2021). If the plaintiff fails to establish either prong of the two-pronged qualified-immunity standard, the defendant prevails on the defense. *A.M. v. Holmes,* 830 F.3d 1123, 1134-35 (10th Cir.2016).

official would have understood that what he is doing violates that right. *Id.* A Supreme Court or Tenth Circuit decision on point or the weight of authority from other courts can clearly establish a right. *Id.* The question is not whether a "broad general proposition" was clearly established, but whether the violative nature of particular conduct was clearly established. *Id.*

Movant has asserted qualified immunity as to the excessive force claim (#63 at pages 21-23 of 33 in CM/ECF pagination) and as to the failure to intervene claim (*Id.* at page 31 of 33).

The Fourteenth Amendment governs excessive force claims by pretrial detainees. *Nosewicz v. Janosko,* 857 Fed.Appx. 465, 468 (10th Cir.2021). A defendant violates the Fourteenth Amendment by purposely or knowingly using force against a pretrial detainee that is "objectively unreasonable." *Id. See Kingsley v. Hendrickson,* 576 U.S. 389, 397 (2015).

Objective reasonableness turns on the facts and circumstances of each particular case. *Id.* The court (or a jury) makes this determination from the perspective of a reasonable officer on the scene, including what the officer knew at the time, not with the 20/20 vision of hindsight. *Id.* Among the non-exclusive factors bearing on the question are the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting. *Id.* at 469.

The factual basis for the court's decision is as follows.[5] Plaintiff was a pretrial detainee in the Wagoner County Jail from March 27, 2017 until conviction on October 22, 2018. She was then transferred to another facility on October 24, 2018. Plaintiff had episodes in jail in which she attempted to kill herself or otherwise raised concerns for self-harm. She was also involved in numerous altercations with other inmates or with jailers. Plaintiff admits that, as of June 4, 2018, she had a long history of not following orders from the jail staff. On the morning of June 4, 2018, plaintiff was involved in a fight with another female inmate in the jail.

As a result, plaintiff was visited in her cell by Judy Elliott, Sheriff Elliott and other jail staff. She was told she would be placed on "lockdown." Plaintiff told jail staff she refused the order. After she had returned from the medical staff for an unrelated condition, defendants Riggs (Undersheriff) and Sampson (present movant) came to her cell and again told her she would be placed on lockdown. Plaintiff stated she would kill herself if she had to lockdown. Plaintiff asserts she then got into an altercation with Riggs and Sampson. She asserts Sampson touched her back and Riggs put her into a bear hug from behind. She asserts Riggs struck her in the face and applied pressure to her nose with the palm of his

[5]Plaintiff's response (#79) does not dispute (or purports to dispute but does not) several facts presented as undisputed material facts in defendant's motion. This was noted by defendant in his reply (#81 at 1-3), but plaintiff did not seek to supplement. The court may deem these facts admitted in this context. *See* Rule 56(e)(2) & (3) F.R.Cv.P.;Rule 56.1(e) of the Local Civil Rules. The factual record appears clear as to movant in any event.

hand. (#75-1 at page 7 of 43 in CM/ECF pagination, ll.16-20).

As depicted in the jail video (#63-9), plaintiff was later confronted in the open pod by Sheriff Elliott, Judy Elliott, and Sampson. Sampson walked behind where plaintiff was seated and patted her with one hand on her back or side area, which was intended as "a prompt to get up." (#63-8 ¶8). Plaintiff told Sampson not to touch her, Upon plaintiff's refusal to stand, Sampson grabbed plaintiff to physically direct her to her cell. Plaintiff resisted, and Sheriff Elliott grabbed her by the hair bun on top of her head. Sheriff Elliott pulled plaintiff's hair and (in conjunction with Sampson) directed her to her cell. Plaintiff ultimately had her clothes removed (by defendant Patrick) and was placed in a "turtle suit," an anti-suicide smock.

The only physical condition plaintiff claims to have resulted from the Sampson incident was soreness in her neck, which lasted approximately one week. (#75-1 at page 35 of 43, ll.17-23). She assumes the cause was Sheriff Elliott grabbing her hair. (#75-1 at page 36 of 43, ll.1-2). Plaintiff has never had any medical diagnosis or assessment regarding any conduct on the part of Sampson. (#75-1 at page 35 of 43, ll.10-13). She does not believe anything Sampson did contributed to her neck soreness. (#75-1 at page 36 of 43, ll.7-10).

Even viewing the record in the light most favorable to plaintiff, the court finds she has failed to meet her burden as to the asserted defense of qualified immunity regarding excessive force. Movant employed minimal force on plaintiff, resulting in no injury, and such force as was employed was in the context of enforcing jail discipline as to an actively-

resisting detainee. Movant did not notice Sheriff Elliott grabbing plaintiff's hair. (#63-8 at ¶18). The force used by movant was not objectively unreasonable. Therefore, plaintiff has not demonstrated a genuine dispute of material fact as to the first prong of the qualified immunity analysis.

Plaintiff has also failed in her burden as to the second prong. Plaintiff is, of course, correct that "[t]he law has been clearly established that excessive force of a pretrial detainee violates the Fourteenth Amendment's Due Process Clause." (#79 at 11). This defines clearly established law at a high level of generality, a practice against which the Supreme Court has warned. *See City of Escondido v. Emmons,* 139 S.Ct. 500, 503 (2019). In the context of qualified immunity, the issue is whether the violative nature of particular conduct is clearly established in light of the specific context of the case. *See Mullenix v. Luna,* 577 U.S. 7, 11 (2015). Plaintiff has not cited a Supreme Court or Tenth Circuit decision on point, or the weight of authority from other courts in regard to the force used here. Summary judgment is granted as to the excessive force claim.

The court now addresses the claim of medical indifference. In her response, plaintiff abandons any claim of medical indifference as to Sampson (#79 at 12). The court elects nevertheless to recite the applicable standard because it will be incorporated by reference regarding Sheriff Elliott's motion for summary judgment (#60).

Plaintiff turned in a medical request on June 4, 2018 regarding ear pain. She was treated that day and treated again for each of the next few days. The record does not reflect

any role or knowledge on Sampson's part. (#63-8, ¶¶20-27). Plaintiff claims no lasting effects or permanent impairment from her ear condition.

Under the Fourteenth Amendment's due process clause, pretrial detainees are entitled to the same degree of protection regarding medical attention as that afforded convicted inmates under the Eighth Amendment. *Frohmader v. Wayne,* 958 F.2d 1024, 1028 (10th Cir.1992). In either type of case, claims of inadequate medical attention are judged by the test of "deliberate indifference to serious medical needs." *Id.*

Deliberate indifference involves both an objective and a subjective component.[6] The objective component is met if the deprivation is "sufficiently serious." *Sealock v. Colorado,* 218 F.3d 1205, 1209 (10th Cir.2000). A medical need is sufficiently serious if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Id.* The subjective component is met if a prison official knows of and disregards an excessive risk to inmate health and safety. *Id.* A delay in providing medical care does not amount to a violation of the detainee's rights unless the delay resulted in substantial harm. *Id.* at 1210. Substantial harm is a lifelong handicap, permanent loss, or considerable pain. *Al-Turki v. Robinson,* 762 F.3d 1188, 1193 (10th Cir.2014). As stated, plaintiff has abandoned this claim as to movant.

The court now addresses the claim of failure to intervene. An officer who fails to

---

[6] *The Tenth Circuit holds that Kingsley* did not pronounce its application to a deliberate indifference claim. *See Strain v. Regalado,* 977 F.3d 984, 993 (10th Cir.2020).

intervene to prevent a fellow officer's excessive use of force may be liable under §1983. *Fogarty v. Gallegos,* 523 F.3d 1147, 1162 (10th Cir.2008). In order for liability to attach, however, there must have been a realistic opportunity to intervene to prevent the harm from occurring. Whether an officer had sufficient time to intercede or was capable of preventing the harm caused by another officer is usually an issue of fact. *Vondrak v. City of Las Cruces,* 535 F.3d 1198, 1210 (10th Cir.2008). In the case at bar, however, plaintiff has not presented evidence raising a genuine dispute of material fact that the movant observed or had reason to know of a constitutional violation. *See Jones v. Norton,* 809 F.3d 564, 576 (10th Cir.2015). Plaintiff having failed on the first prong of her burden as to qualified immunity, summary judgment is appropriate as to the failure-to-intervene claim. For there to be an actionable failure to intervene, there must be an underlying constitutional violation. *Jones,* 809 F.3d at 576. In this order (and its companion orders) the court is persuaded such a violation has not been sufficiently established to survive summary judgment.

Finally, plaintiff contends she has also asserted a claim for violation of substantive due process. Movant disputes that such a claim appears in the First Amended Complaint. The court is persuaded that it does, (*See* #9 at ¶¶29-31), although it is not set out explicitly or labeled as a separate claim. Movant has a reasonable argument that it is not properly pled. Other defendants have responded on the merits (*see* #60 at pages 15-16 of 34), but this of course does not serve as a "waiver" on behalf of the present movant. In any event, even if

movant is correct, the court elects to consider such a claim.[7] "Procedural due process ensures the state will not deprive a party of property without engaging fair procedures to reach a decision, while substantive due process ensures the state will deprive a party of property for an arbitrary reason regardless of the procedures used to reach that decision." *Hyde Park Co. v. Santa Fe City Council,* 226 F.3d 1207, 1210 (10th Cir.2000). Essential to both is the existence of a protected liberty or property interest. *Hicks v. Bd. of Co. Comm'rs,* 2021 WL 4976221, *4 (D.N.M.2021).

Claims for substantive due process find their basis in the Fourteenth Amendment's protections against arbitrary government power. *Lindsey v. Hyler,* 918 F.3d 1109, 1115 (10th Cir.2019). A violation of substantive due process may arise in two ways – from (1) legislative acts that infringe on a fundamental right, or (2) official conduct that deprives a person of life, liberty, or property in a manner so arbitrary as to shock the judicial conscience. *Id.* Plaintiff's claim involves the second way. The court does not find any of movant's conduct arbitrary or shocking to the judicial conscience. For inmates being punished for misconduct, a liberty interest exists only when the penalty lengthens the confinement or involves an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Meek v. Jordan,* 534 Fed.Appx. 762, 765 (10th Cir.2013)(quoting

---

[7] Issues raised for the first time in a plaintiff's response to a motion for summary judgment may be considered a request to amend the complaint, pursuant to Rule 15 F.R.Cv.P. *Viernow v. Euripides Dev. Corp.,* 157 F.3d 785, 790 n.9 (10th Cir.1998). Movant has responded on the merits in his reply and the court finds no prejudice.

*Sandin v Conner,* 515 U.S. 472, 484 (1995)).

The force used has already been addressed, and the decision to place plaintiff in a suicide smock was not an excessive exercise of discipline, given plaintiff's history of self-harm and confrontation. Moreover, there is no indication of movant's role in the decision to place plaintiff in a suicide smock. The First Amended Complaint alleges a conspiracy among defendants (#9 at 4 ¶16) but plaintiff has not presented a genuine dispute of material fact on this point.

It is the order of the court that the motion for summary judgment of defendant Shanne Sampson (#63) is hereby granted.

**IT IS SO ORDERED** this 3rd day of MARCH, 2022.

Ronald A. White
United States District Judge
Eastern District of Oklahoma